UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE NORTHWEST IRONWORKERS HEALTH AND SECURITY FUND, | CASE NO. 2:25-cv-01998-JNW |
| Plaintiffs, | ORDER |
| v. | |
| TRANSPACIFIC STEEL LLC, | |
| Defendant. | |

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiffs' ex-parte motion to compel records held by the Washington Employment Security Department ("ESD"). Dkt. No. 11. For the reasons below, the motion is GRANTED, and the Department is directed to produce the records subject to the protections imposed by this order.

## 2.  BACKGROUND

This action is for employee benefit contributions allegedly due on behalf of employees working for Transpacific Steel LLC from April 2024 through present. Dkt. No. 1 at 9.  Plaintiffs are the Boards of Trustees of the Northwest Ironworkers

ORDER - 1

Health and Security Fund, Northwest Ironworkers Retirement Trust, Northwest Field Ironworkers Annuity Trust Fund, and Northwest Ironworkers & Employers Apprenticeship & Training Trust Fund (collectively, "Plaintiffs" or "Trust Funds"). Dkt. No. 1 ¶¶ 1.1–1.8. Plaintiffs bring this suit under §§ 502(a) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(a) and 1145. *Id.* ¶ 2.1.

Plaintiffs allege that Transpacific was bound to a Master Labor Agreement ("MLA") between the Northwest Iron Workers Employers Association, Inc. and the Iron Workers District Council of the Pacific Northwest. *Id.* ¶¶ 3.1–3.4. The MLA requires Transpacific to make contributions to the Trust Funds on behalf of employees performing covered work, including monthly fringe benefits for each hour of covered work performed by its employees. *Id.* ¶¶ 3.7–3.8. Plaintiffs allege that an unknown amount of benefit contributions and late fees are due to the Trust Funds. *Id.* ¶ 3.20.

Plaintiffs filed their complaint on October 15, 2025, and served Transpacific on October 29, 2025. Dkt. Nos. 1, 5. After Transpacific failed to appear and respond, the Clerk entered default. Dkt. No. 8. On March 10, 2026, the Court ordered Plaintiffs to move for default judgment or show cause why they could not do so. Dkt. No. 9. Plaintiffs timely responded, requesting a thirty-day continuance so that they could bring the instant motion. Dkt. Nos. 10, 11. On March 24, 2026, Plaintiffs served a subpoena duces tecum on Transpacific's registered agent requesting payroll records to permit the Trust Funds to perform a payroll audit. Dkt. No. 13 ¶

ORDER - 2

7. As of the date the motion was filed, Plaintiffs had not received the requested records.

Through this motion, Plaintiffs seek an order directing ESD to produce the personnel records it holds for Transpacific's employees from April 2024 through the present—mainly the quarterly reports Transpacific was required to file, which reflect employees' names, hours, and wages. Dkt. Nos. 11 at 1–2; 14 at 4.

Plaintiffs contend that, without these records, they cannot determine the hours of covered work performed, the contributions owed, or the amount of the money judgment here. Dkt. No. 11 at 2–3. Plaintiffs represent that they will use only the names and approximate hours worked of those employees, and that the risk of disclosing confidential information—such as health information—is thus minimal. *Id.* at 3.

### 3.  DISCUSSION

Plaintiffs style their motion one to "compel," but no subpoena or order has issued to the Department, so there is nothing to compel. *See Boards of Trs. of Cement Masons & Plasterers Health & Welfare Tr. v. Sound Floors Gypsum Concrete LLC*, No. 2:20-CV-01307-RAJ, 2021 WL 4307069, at *1 (W.D. Wash. Sept. 22, 2021) (denying a motion to compel ESD records from defendant absent a "subpoena or court order that they would like to be enforced"). Production from a nonparty—or a defaulted defendant, treated as a nonparty for discovery—runs through Rule 45, not Rule 37. *Id.* The Court thus construes the motion as a request for an order under RCW 50.13.070 finding the requisite need and directing ESD to produce.

ORDER - 3

The statute requires specific findings before confidential ESD records may be disclosed in litigation; it provides:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records. Information or records deemed private and confidential under this chapter shall not be available in discovery proceedings unless the court in which the action has been filed has made the finding specified above.

RCW 50.13.070.

On this record, Plaintiffs have shown that their need for the records outweighs the privacy interest in them. Because the Trust Funds depend on employer self-reporting, and Transpacific has neither reported nor produced its payroll records, ESD's records are the only remaining source from which Plaintiffs can establish the hours of covered work and the resulting money judgment. *See Boards of Trs. of Seattle Area Plumbing & Pipefitting Indus. Health Welfare Tr. v. Spectrum Servs., Inc.*, No. C23-910-RSM, 2023 WL 5715345, at * 2 (W.D. Wash. Sept. 5, 2023); *E.E.O.C. v. Pac. Hosp. LLC*, No. C10-5715 BHS, 2012 WL 1748020, at * 2 (W.D. Wash. May 16, 2012). The records are thus necessary for further prosecution of this action.

Because these records contain sensitive personal information of nonparties—wages, hours, and partial Social Security numbers—the Court orders Plaintiffs to submit a proposed protective order governing the use of any employment payroll records obtained from ESD. *Spectrum Servs.*, Inc., 2023 WL 5715345, at *2–3 (conditioning production on a protective order).

ORDER - 4

## 4. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiffs' motion, Dkt. No. 11, is GRANTED.

2. The Court finds the production of records in the possession of the Washington State Employment Security Department regarding employees of Transpacific Steel LLC, for April 2024 through the present is necessary for the prosecution of Plaintiffs' case.

3. The Court further finds that this necessity outweighs any interest in the confidentiality or privacy of this information of the individual employees, provided counsel for Plaintiffs treat these records as confidential and disclose only such information as is necessary to prosecute this action, as set forth below.

4. Pursuant to RCW 50.13.070, the Washington State Employment Security Department is now ORDERED to produce copies of all payroll records in its possession for employees under the Master Labor Agreement of Transpacific Steel LLC, from April 2024 to present, at a mutually agreed time and place between the Department and Plaintiffs, or failing agreement, within THIRTY (30) days of this Order. If the Department's records do not enable it to identify which employees performed covered work, the Department may produce records for all employees of Transpacific Steel LLC for that period.

5. Within FOURTEEN (14) days of this order, Plaintiffs must submit a protective order governing the use of any employment payroll records

ORDER - 5

obtained. The proposed order must be consistent with this District's model stipulated protective order, available on the Court's website, and must address the topics relevant here, including: (a) limiting use of the records to this litigation; (b) the persons permitted access; (c) secure storage; (d) the procedure for any filing on the public docket, including redaction and sealing under LCR 5(g); (e) the treatment of records of employees who did not perform covered work; and (f) the return or destruction of the records at the end of the case.

6.  Plaintiffs must promptly serve a copy of this order on the Washington State Employment Security Department.

Dated this 26th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 6